IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


DONNA J. BERJETTEJ,                          09-CV-892-BR

          Plaintiff,                         OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.


RICHARD A. SLY
1001 S.W. Fifth Avenue
Suite 310
Portland, OR 97204
(503) 224-0436

LINDA S. ZISKIN
P.O. Box 2237
Lake Oswego, OR 97035
(503) 889-0472

          Attorneys for Plaintiff

1 - OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**BENJAMIN J. GROEBNER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

       Attorneys for Defendant

**BROWN, Judge.**

      Plaintiff Donna J. Berjettej seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.


### ADMINISTRATIVE HISTORY

      Plaintiff filed an application for DIB on June 28, 2005,

2 - OPINION AND ORDER

alleging a disability onset date of January 17, 2005.
Tr. 59-63.[1]  The application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on February 14, 2007.  Tr. 633-66.  At the hearing,
Plaintiff was represented by an attorney.  Plaintiff and a
vocational expert (VE) testified.

The ALJ issued a decision on April 18, 2007, in which he
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 24-39.  Pursuant to 20 C.F.R. § 404.984(d),
that decision became the final decision of the Commissioner on
May 31, 2009, when the Appeals Council denied Plaintiff's request
for review.


## BACKGROUND

Plaintiff was born on July 14, 1958, and was 48 years old at
the time of the hearing.  Tr. 59.  Plaintiff completed high
school and one year of college.  Tr. 86, 637.  Plaintiff has past
relevant work experience as a typist, office manager, and office
specialist.  Tr. 37.

Plaintiff alleges disability due to major depression,
anhedonia, "psychotic experiences," somatoform disorder,
dysthymic disorder, atypical perceptual disturbances, cervical

---

[1] Citations to the official transcript of record filed by
the Commissioner on October 28, 2009, are referred to as "Tr."

3 - OPINION AND ORDER

vertigo with migraines, strophic left tympanic membrane, seborreahic dermatitis, and chronic neck pain.  Tr. 76.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 30-32.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a

preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

### **I.    The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the

5 - OPINION AND ORDER

Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Soc. Sec. Ruling (SSR) 96-8p. A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not

require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R.

§ 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 17, 2005.  Tr. 29.

At Step Two, the ALJ found Plaintiff has the severe impairments of major depressive disorder, dysthymia, posttraumatic stress disorder, and mild degenerative disc disease of the cervical spine.  Tr. 29.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 13.  The ALJ found Plaintiff has the RFC "to perform simple one to three step work activities."  Tr. 33.  The ALJ also found Plaintiff should have limited contact with co-workers and no contact with the public and should avoid activities that involve hazardous equipment or heights.  Tr. 33.  The ALJ found Plaintiff does not have any exertional limitations, but she is limited to reaching overhead only occasionally due to neck pain. Tr. 33.

At Step Four, the ALJ found Plaintiff is not capable of performing her past relevant work.  Tr. 37.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.

Tr. 38.  Accordingly, the ALJ found Plaintiff is not disabled.

### DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to find Plaintiff's headaches, vertigo, and back pain are severe impairments; (2) concluded Plaintiff's impairments do not meet or equal a listing; (3) improperly rejected lay-witness testimony; (4) failed to include in Plaintiff's RFC the limitations assessed by Nancy Cloak, M.D., and Bill Hennings, Ph.D.; and (5) posed an inaccurate hypothetical to the VE based on a flawed RFC.

### I.    The ALJ did not err at Step Two.

Plaintiff asserts the ALJ erred at Step Two when he did not find Plaintiff's headaches, vertigo, and back pain are severe.

As noted, at Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. § 404.1521(a).  *See also Ukolov*, 420 F.3d at 1003.  The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(a), (b).  Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling,

seeing, hearing, speaking; understanding, carrying out, and
remembering simple instructions; using judgment; responding
appropriately to supervision, co-workers, and usual work
situations; and dealing with changes in a routine work setting.
*Id.*

The ALJ noted Plaintiff had been treated for vertigo
intermittently, but he did not find any evidence that Plaintiff's
symptoms lasted continuously for a period of 12 months as
required by 20 C.F.R. § 404.1509.  Tr. 23.  Accordingly, the ALJ
found Plaintiff's alleged vertigo symptoms are not severe.

The ALJ also noted Plaintiff reported back pain after a
motor-vehicle accident in October 2002, but an x-ray of her
cervical spine was within normal limits.  Tr. 31.  Mark Gearhart,
M.D., diagnosed Plaintiff has having cervical strain, and he
prescribed muscle relaxers and a narcotic analgesic.  Tr. 31,
254.  The ALJ also noted Christina Lee, M.D., treating physician,
opined in November 2004 that Plaintiff's neck "pain is isolated
to the soft tissues," and she prescribed Lodine as needed.
Tr. 32, 187.  Dr. Lee noted Plaintiff was not taking anything for
her neck pain symptoms except an "occasional Vicodin."  Tr. 187.
Dr. Lee recommended Plaintiff treat her neck pain with
"nonsteroidal antiinflammatory" medication and a regular exercise
program.  Tr. 187.

Finally, the ALJ noted other symptoms and complaints by

Plaintiff "periodically" appeared in the record, but he did not find any evidence that established these symptoms were "more than transient and/or cause[d] significant vocational limitations." Tr. 32.

On this record, the Court finds the ALJ did not err when he failed to find Plaintiff's headaches, vertigo, and back pain are severe because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**II.  The ALJ did not err at Step Three.**

Plaintiff contends the ALJ erred at Step Three when he found Plaintiff's major depressive disorder does not equal Listing 12.04.

As noted, the ALJ must determine at Step Three whether any of a claimant's impairments or combination of impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41. *See also* 20 C.F.R. §§ 404.1520(d), 416.920(d).  To properly determine whether a claimant meets or equals a listing, the ALJ must consider all of that claimant's medically determinable impairments, including severe and nonsevere impairments.  *See Lewis*, 236 F.3d at 512 ("An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment.").

The ALJ noted Plaintiff suffered from a severe mental impairment that met the descriptive "A" criteria of Section 12.04, and, therefore, he evaluated "the degree of functional loss resulting from the impairments using the psychiatric review technique described in" 20 C.F.R. § 404.1520a to determine whether Plaintiff's impairments satisfied the "B" criteria of Section 12.04.

The "B" criteria are satisfied when a Plaintiff's impairment results in at least two of the following:  (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; and/or (4) repeated episodes of decompensation.  20 C.F.R. pt. 404, subpt. P, app. 1, 12.04B.

The ALJ, based on the findings of reviewing psychologists Bill Hennings, Ph.D., and Robert Henry, Ph.D., concluded Plaintiff did not have any limitations in activities of daily living; did not have any episodes of decompensation; and had only moderate difficulties in maintaining social functioning, concentration, persistence, or pace.  Tr. 33.

Although Plaintiff does not point to any evidence in the record that establishes her major depressive disorder standing alone or in combination with her PTSD and degenerative disc disease equal listing 12.04, she asserts the ALJ should have

12 - OPINION AND ORDER

reached a different conclusion based on the evidence.  "[I]f evidence exists to support more than one rational interpretation, [however, the Court] must defer to the Commissioner's decision." *Batson,* 359 F.3d at 1193.

On this record, the Court finds the ALJ did not err at Step Three when he found Plaintiff's major depressive disorder does not equal Listing 12.04 because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. The ALJ erred when he rejected lay-witness testimony.**

Plaintiff contends the ALJ erred when he rejected the lay-witness testimony of Plaintiff's daughter, Ciani Natai Bostic.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members.").

Bostic stated in a Third-Party Adult Function Report that sometimes she needs to remind Plaintiff to wash her hair or to take her medication.  Bostic noted Plaintiff sweeps, does dishes, and washes laundry, but she cannot do these activities for "very

long" because she gets tired.  Tr. 114-15.  Bostic also noted
Plaintiff "likes to read, play on the computer, watch movies, and
listen to music" and "does these things just fine and whenever
she wants to."  Tr. 115.  Bostic reported Plaintiff "talks to
family on the phone all the time but doesn't get out of the house
much."  Tr. 116.  Bostic stated Plaintiff has pain in her knees
and back, and she "doesn't hear very well so [she has] to repeat
[herself] sometimes."  Tr. 117.  According to Bostic, Plaintiff
has memory problems and cannot concentrate or fully follow
instructions that are "complicated or long."  Tr. 116.  Finally,
Bostic stated Plaintiff does not handle stress very well, but she
does "fine" with authority figures.  Tr. 117.

    The ALJ considered the questionnaire submitted by Bostic and
found her testimony to be of "limited use" because Bostic "is not
trained to critically evaluate whether [Plaintiff's] complaints
are exaggerated or inconsistent with objective evidence" and she
"has no demonstrated vocational expertise necessary to support a
conclusion [that Plaintiff] is unable to work."  Tr. 36.  In
*Dijon-Barley v. Astrue*, however, this Court held:

> The ALJ's reasoning for discounting . . .
> statements [of the plaintiff's father] is
> unpersuasive.  While it is obviously true that
> plaintiff's father is not "trained to critically
> evaluate whether the claimant's complaints are
> exaggerated or inconsistent with objective
> evidence" and lacks "vocational expertise . . .,"
> Tr. 39, and is otherwise unqualified to offer
> medical opinions, these observations fail to state
> or apply the appropriate standards applicable to

14 - OPINION AND ORDER

> the proper evaluations of lay testimony.
> Regardless of his medical qualifications or his
> "vocational expertise," plaintiff's father offered
> competent testimony that the ALJ was required to
> either take into account or disregard with germane
> reasons.  This he failed to do.  The ALJ's
> conclusory rationalizations for rejecting the lay
> testimony fall short of amounting to "germane
> reasons" and are therefore insufficient.

No. 05-CV-1783, Opin. and Order at 13 (D. Or. May 7, 2002)

(Haggerty, J.).

Although the Commissioner in his Response to Plaintiff's

Complaint has provided reasons that the ALJ might have relied on

as support for rejecting Bostic's testimony, the ALJ did not set

out those reasons in his opinion.  The Court "cannot affirm the

decision of an agency on a ground that the agency did not invoke

in making its decision."  *See Stout*, 454 F.3d at 1054.

On this record, the Court concludes the ALJ erred when he

rejected Bostic's testimony because he gave only generic reasons

for rejecting it and did not give reasons germane to Bostic or to

her testimony.

When an ALJ errs by failing to properly discuss competent

lay testimony favorable to the claimant, a reviewing court cannot

consider the error harmless "unless it can confidently conclude

that no reasonable ALJ, when fully crediting the testimony, could

have reached a different disability determination."  *Stout*, 454

F.3d at 1053.  Here the Court cannot "confidently conclude" no

reasonable ALJ could reach a different disability determination

if Bostic's testimony were fully credited.

## IV.  The ALJ erred when he failed to include in Plaintiff's RFC the limitations assessed by Drs. Cloak and Hennings.

Plaintiff contends the ALJ erred when he failed to include in Plaintiff's RFC the limitations determined by Dr. Cloak, examining physician, and Dr. Hennings, reviewing psychologist.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g., Morgan v. Comm'r of Soc. Sec.*

16 - OPINION AND ORDER

*Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

### A.    Dr. Cloak

Plaintiff contends the ALJ erred when he failed to include in Plaintiff's RFC the opinion of Dr. Cloak that Plaintiff could only work "on a part-time basis".

The ALJ gave "very little weight" to Dr. Cloak's assessment because it was based on diagnoses of PTSD and major depressive disorder and Plaintiff's medical records reflected those conditions were in remission after Dr. Cloak's assessment as a result of medication and therapy.  Tr. 37, 490, 468.

On this record, the Court finds the ALJ did not err when he failed to include in Plaintiff's RFC Dr. Cloak's opinion that Plaintiff could only work "on a part-time basis" because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

### B.    Dr. Hennings

Plaintiff contends the ALJ erred when he failed to include the opinion of Dr. Hennings that Plaintiff has moderate difficulties maintaining concentration, persistence, or pace.

The ALJ gave Dr. Hennings's opinion "significant weight" and noted Dr. Hennings opined Plaintiff has the RFC to perform simple, routine tasks on a consistent basis.  Tr. 36.

The ALJ, however, did not address Dr. Hennings's opinion that
Plaintiff has moderate difficulties maintaining concentration,
persistence, or pace nor did the ALJ specifically include such
limitations in Plaintiff's RFC or in his hypothetical to the VE.

        According to Plaintiff, even though the ALJ found
Plaintiff was limited to "simple routine work tasks," that
limitation does not adequately account for moderate difficulties
maintaining concentration, persistence, or pace.

> The District of Oregon and the Ninth Circuit [have
> held] PRTF findings relating to concentration,
> persistence, or pace must be included in the
> hypothetical posed to the VE in some manner, and
> that a hypothetical that includes a limitation to
> "simple" work does not address deficiencies in
> concentration, persistence, or pace. *Abrego v.
> Commissioner*, No. CIV. 99-6173-JO, 2000 WL 682671,
> at *2-3 (D. Or. May 25, 2000) (ALJ's PRTF finding
> that plaintiff was often limited by deficiencies
> of concentration, persistence, or pace not
> included in hypothetical which included "simple
> repetitive" types of jobs (citing *Newton v.
> Chater*, 92 F.3d 688 (8th Cir. 1996)); *Clemens v.
> Massanari*, No. CV 00-6204-KI, 2001 WL 34043764, at
> *11 (D. Or. May 17, 2001) (ALJ's PRFT finding that
> claimant had deficiencies of concentration,
> persistence, or pace often resulting in failure to
> timely complete tasks not included in hypothetical
> limiting claimant to "simple, unskilled tasks"
> because it did not inform VE of deficiencies of
> concentration, persistence, or pace); *cf. Davis v.
> Massinari*, No. Civ. 00-6211-FR, 2001 WL 34043759,
> at *8-9 (D. Or. Aug. 15, 2001), *aff'd*, 71 Fed.
> Appx. 664 (9th Cir. 2003)(hypothetical which
> included moderate limitations in nearly all mental
> activities requiring sustained concentration and
> persistence, including maintaining attention and
> concentration for extended period; understanding,
> remembering, and carrying out detailed
> instructions; and sustaining an ordinary routine
> without special supervision, satisfied finding by

ALJ in PRTF that claimant experienced deficiencies
in concen-tration, persistence, or pace often
resulting in failure to complete tasks (citing
*Newton v. Chater*, 92 F.3d 688 (8th Cir. 1996));
*Williams v. Apfel*, No. CIV. 00-6150-KI, 2001 WL
204811, at *5 (D. Or. Jan. 26, 2001)(hypothetical
that claimant limited to unskilled or semi-skilled
work due to difficulties with concentration and
attention satisfied the ALJ's finding on the PRTF
(citing *Brachtel v. Apfel*, 132 F.3d 417 (8th Cir.
1997)), *aff'd*, 42 Fed. Appx. 935 (9th Cir. 2002));
*Swenson v. Commissioner*, No. CIV. 99-6188-KI, 2000
WL 486753, at *4 (D. Or. Apr. 26, 2000)
(hypothetical which included limitation that
person could not concentrate on complex tasks
supported by substantial evidence where ALJ
completed PRFT finding claimant often had
deficiencies of concentration, persistence, or
pace); *see Thomson*, 2001 WL 213758, at *11
(Commissioner conceded that ALJ's failure to
include mental limitations assessed by state
agency non-examining physician who concluded that
claimant was moderately limited in certain mental
activities in hypothetical to VE, and ALJ's
failure to include own PRTF finding that claimant
experienced deficiencies of concentration,
persistence, or pace often resulting in a failure
to timely complete tasks in work settings or
elsewhere, required reversal; matter remanded so
that ALJ could consider claimant's functional
limitations of concen-tration, persistence, and
pace and degree of such limitations). . . .
Accordingly, the hypothetical posed by the ALJ to
the VE here does not include all of plaintiff's
limitations and is not supported by substantial
evidence.

*Mudgett v. Astrue*, No. 07-CV-485-CL, Findings and Recommendation

at 11-13 (D. Or. Apr. 11, 2008), adopted May 1, 2008 (Panner,

J.).  The Court finds persuasive the reasoning in *Mudgett* and the

cases relied on to support that reasoning.  Accordingly, the

Court concludes on this record that the ALJ erred when he failed

to address Dr. Hennings's opinion as to Plaintiff's moderate

difficulties in maintaining concentration, persistence, or pace and failed to include such limitations in Plaintiff's RFC or in his hypothetical to the VE.

**V.    The ALJ posed an insufficient hypothetical to the VE.**

At Step Five, the Commissioner must show the claimant can do other work that exists in the national economy. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).  The Commissioner can satisfy this burden by eliciting the testimony of a VE with a hypothetical question that sets forth all of the limitations of the claimant.  *Id*.  The hypothetical posed to a VE must only include those limitations supported by substantial evidence in the record.  *Robbins v. Soc. Sec. Admin.,* 466 F.3d 883, 866 (9th Cir. 2006).

Plaintiff contends the ALJ's vocational findings "stem from a flawed RFC assessment" and, therefore, from an insufficient hypothetical to the VE.  The Court already has found the ALJ erred when he failed to provide sufficient reasons for rejecting the lay-witness testimony and portions of the opinion of Dr. Hennings.  On this record, therefore, the Court concludes the ALJ erred when he failed to include Plaintiff's limitations as described by Bostic and assessed by Dr. Hennings in the ALJ's hypothetical posed to the VE.

## REMAND

Having found the ALJ erred, the Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.  The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2. The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

Here the Court finds additional proceedings are necessary to allow the ALJ to reconsider the testimony of lay-witness Bostic and the opinion of Dr. Hennings as to the severity of

21 - OPINION AND ORDER

Plaintiff's symptoms and to pose an accurate hypothetical to the VE in order to assess properly whether Plaintiff is able to perform work that exists in the national economy.

Accordingly, the Court concludes on this record that remand for further proceedings is necessary.

<u>**CONCLUSION**</u>

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 29th day of July, 2010.


/s/ _____
ANNA J. BROWN
United States District Judge

22 - OPINION AND ORDER